**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 16-1983**

RICHARD H. DAVIS, JR.,

               Plaintiff - Appellant,

     v.

NISSAN NORTH AMERICA, INC.,

               Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:14-cv-03166-GJH)

Submitted: May 31, 2017                     Decided: June 8 , 2017

Before GREGORY, Chief Judge, and KEENAN and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Morris E. Fischer, MORRIS E. FISCHER, LLC, Silver Spring, Maryland, for Appellant. Joseph P. Harkins, LITTLER MENDELSON, P.C., Washington, D.C.; Rachelle E. Hill, LITTLER MENDELSON, P.C., Denver, Colorado, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard H. Davis, Jr., commenced this action against his former employer, Nissan North America, Inc. ("Nissan"), alleging racial discrimination and retaliation under 42 U.S.C. § 1981 (2012) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012). The district court granted Nissan's motion for summary judgment, and we affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 208 (4th Cir. 2017) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Where, as here, there is no direct evidence of discrimination, a plaintiff establishes a prima facie case of racial discrimination under either Title VII or 42 U.S.C. § 1981 by demonstrating "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (internal quotation marks omitted); *see Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004). Where the plaintiff makes this showing, "the burden of production shifts to the employer, who must articulate a non-discriminatory reason for the difference in disciplinary enforcement." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336 (4th Cir. 2011) (internal quotation marks omitted). If the employer satisfies this requirement, "the

2

burden shifts back to the plaintiff to demonstrate that the employer's reasons are not true but instead serve as a pretext for discrimination." *Id.* (internal quotation marks omitted).

Nissan employed Davis, who is black, from 1996 until his termination in August 2013. In January 2012, Davis received a written warning from his newly assigned supervisor, Cristin Adinolfi, who alleged that Davis misused a corporate credit card while on personal leave. According to Adinolfi, over the next fourteen months, Davis was late for a meeting, which she described as a "big deal," and failed to discover a water leak in a vehicle that he inspected. The cumulative effect of these incidents prompted Adinolfi to place Davis on a performance improvement plan ("PIP"), which carried the risk of termination if he failed to demonstrate sustained improvement. Adinolfi identified several deficiencies in Davis' performance during the PIP, including missing a PIP meeting and failing to prepare for an arbitration hearing, and Davis was thereafter terminated.

Davis takes issue with Adinolfi's account but provides no significant evidence to refute it. Davis primarily relies on the opinions of his former supervisor and coworkers, but such evidence is "close to irrelevant," *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (internal quotation marks omitted), and has no probative value where, as here, it fails to establish the employer's expectations and whether the employee met them, *see King v. Rumsfeld*, 328 F.3d 145, 149-50 (4th Cir. 2003). Because Davis failed to

establish that he performed his job satisfactorily, we conclude that the district court properly dismissed Davis' racial discrimination claim.[1]

We review circumstantial retaliation claims under the same analysis discussed above. *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). To establish a prima facie claim of retaliation in violation of Title VII or 42 U.S.C. § 1981, "a plaintiff must prove (1) that []he engaged in a protected activity, . . . (2) that h[is] employer took an adverse employment action against h[im], and (3) that there was a causal link between the two events." *Boyer-Liberto v. Fountainbleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (en banc) (internal quotation marks omitted). To prove causation, the plaintiff must show that, but for his involvement in the protected activity, the adverse employment action would not have occurred. *Foster*, 787 F.3d at 252.

Davis claims that he complained of racial discrimination on numerous occasions, yet only one incident that he cites actually related to race.[2] In January 2010, roughly twenty months before Adinolfi became Davis' supervisor, Davis received a distasteful email from a Nissan dealership service manager that included a disparaging comment about Martin

---

[1] We reject Davis' contention that the district court should have dispensed with the first step of the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Even if we found merit in this argument, we would agree with the district court that Davis failed to produce evidence showing that his termination was pretextual.

[2] The record indicates that Davis told his former supervisor and two Nissan management employees that he believed he was being treated differently than other employees; however, Davis' former supervisor testified at her deposition that the issue of race was never broached in her conversations with Davis, and a letter that Davis sent to the management employees also contained no mention of race.

4

Luther King Jr. Day. Davis mentioned the email to his supervisor at the time, and later informed Adinolfi about the email some time between 2011 and 2013. While Davis suggests that Nissan decided to fire him rather than address this email issue, he fails to identify any evidence in the record that supports the conclusion that there was a causal relationship between these two events. Thus, the district court correctly dismissed Davis' retaliation claim.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*